IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KIM JOHNSON,

    Plaintiff,

v.                             CASE NO.: 4:23-cv-00385-MW-MAF

FLORIDA STATE UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant, FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES, hereinafter referred to as "University," by and through its undersigned counsel, hereby responds to Plaintiff's Complaint as follows:

**NATURE OF THE ACTION**

1. The University denies the allegation in paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

2. The University denies the allegation in paragraph 2 of Plaintiff's Complaint and demands strict proof thereof.

Case 4:23-cv-00385-MW-MAF   Document 5   Filed 09/28/23   Page 2 of 9

Kim Johnson v. Florida State University Board of Trustees
USDC N. D. Fla. Case No.: 4:23-cv-00385-MW-MAF
University's Answer and Affirmative Defenses
Page **2** of **9**

## THE PARTIES

3. The University denies the allegation in paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4. The University admits that it is organized and existing under the laws of the State of Florida and that it has been an "employer" as that term is used under the applicable laws and admits that the University was Plaintiff's employer as it relates to the alleged claims.

## STATEMENT OF THE ULTIMATE FACTS

5. The University admits that Plaintiff was an employee of the University.

6. The University denies the allegations of paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7. The University denies the allegations of paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8. The University admits that Plaintiff requested leave under the Family and Medical Leave Act and is without knowledge as to the balance of the allegations of paragraph 8 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

9. The University admits the allegations of paragraph 9 of the Plaintiff's Complaint.

Case 4:23-cv-00385-MW-MAF   Document 5   Filed 09/28/23   Page 3 of 9

Kim Johnson v. Florida State University Board of Trustees
USDC N. D. Fla. Case No.: 4:23-cv-00385-MW-MAF
University's Answer and Affirmative Defenses
Page **3** of **9**

10. The University admits the allegations of paragraph 10 of the Plaintiff's Complaint.

11. The University admits the plaintiff requested intermittent leave under the FMLA but is without knowledge as to the balance of the allegations of paragraph 11 and therefore demands strict proof thereof.

12. The University denies the allegation in paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. The University admits that Plaintiff was terminated on February 8, 2023 and denies the balance of the allegations of paragraph 13 of Plaintiff's Complaint.

14. The University denies the allegation in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. The University denies the allegation in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT I
## RETALIATION FOR TAKING PROTECTED MEDICAL LEAVE IN VIOLATION OF 29 U.S.C. SECTION 2615

16. The University realleges and incorporates its responses to paragraphs 1-15 by reference herein.

Case 4:23-cv-00385-MW-MAF   Document 5   Filed 09/28/23   Page 4 of 9

Kim Johnson v. Florida State University Board of Trustees
USDC N. D. Fla. Case No.: 4:23-cv-00385-MW-MAF
University's Answer and Affirmative Defenses
Page **4** of **9**

17. The University admits the allegations of paragraph 17 of Plaintiff's Complaint.

18. The University admits the allegations of paragraph 18 of Plaintiff's Complaint.

19. The University denies the allegation in paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. The University denies the allegation in paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. The University denies the allegation in paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

To the extent the paragraph beginning with WHEREFORE and praying for relief requires a response, the University denies Plaintiff is entitled to any relief whatsoever and denies all of the remaining and further allegations of said paragraph.

## COUNT II
### INTERFERENCE WITH TAKING PROTECTED MEDICAL LEAVE IN VIOLATION OF 29 U.S.C. SECTION 2615

22. The University realleges and incorporates its responses to paragraphs 1-15 by reference herein.

Case 4:23-cv-00385-MW-MAF   Document 5   Filed 09/28/23   Page 5 of 9

Kim Johnson v. Florida State University Board of Trustees
USDC N. D. Fla. Case No.: 4:23-cv-00385-MW-MAF
University's Answer and Affirmative Defenses
Page **5** of **9**

23. The University admits the allegations of paragraph 23 of the Plaintiff's Complaint.

24. The University denies the allegation in paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25. The University denies the allegation in paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26. The University denies the allegation in paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

To the extent the paragraph beginning with WHEREFORE and praying for relief requires a response, the University denies Plaintiff is entitled to any relief whatsoever and denies all of the remaining and further allegations of said paragraph.

## **PRAYER FOR RELIEF**

To the extent the paragraph beginning with WHEREFORE and praying for relief requires a response, the University denies Plaintiff is entitled to any relief whatsoever and denies all of the remaining and further allegations of said paragraph, (a-g.)

Case 4:23-cv-00385-MW-MAF   Document 5   Filed 09/28/23   Page 6 of 9

Kim Johnson v. Florida State University Board of Trustees
USDC N. D. Fla. Case No.: 4:23-cv-00385-MW-MAF
University's Answer and Affirmative Defenses
Page **6** of **9**

# **AFFIRMATIVE DEFENSES**

1. There is no causal relationship between any adverse employment action allegedly suffered by the plaintiff and her exercise or attempt to exercise any legal rights afforded under the Family Medical Leave Act.

2. Plaintiff has failed to state a cause of action for interference with taking protected medical leave in that leave was granted by the University.

3. Any actions taken with respect to Plaintiff's employment were taken for legitimate, non-discriminatory, and non-retaliatory reasons, and were intended to further legitimate business purposes and/or legitimate employment goals.

4. All employment actions taken regarding the Plaintiff were reasonable and undertaken based on a good faith belief that the actions were in compliance with the law

5. All employment actions taken regarding the Plaintiff were undertaken in good faith, and without malice or reckless disregard of the law.

6. Plaintiff requested and received approval for Family Medical Leave.

7. Plaintiff's claims are barred, in whole or in part, based on the equitable doctrines of estoppel, waiver and/or unclean hands, based upon Plaintiff's course of conduct during her employment.

Case 4:23-cv-00385-MW-MAF   Document 5   Filed 09/28/23   Page 7 of 9

Kim Johnson v. Florida State University Board of Trustees
USDC N. D. Fla. Case No.: 4:23-cv-00385-MW-MAF
University's Answer and Affirmative Defenses
Page **7** of **9**

8. The University has, and did have, during Plaintiff's employment a strong officially promulgated and user-friendly policy against harassment, discrimination, and retaliation, and to prevent and properly correct any such behavior. To the extent the Plaintiff was a recipient of any discrimination which the University denies, Plaintiff was afforded the opportunity to address, correct and prevent the alleged harm.

9. The University states there were legitimate non-discriminatory and non-retaliatory reasons for its actions which are not pretextual, and the University has neither taken or ratified any action with discriminatory or retaliatory purpose or intent but acted in good faith at all times material to Plaintiff's employment. Further, the University has not authorized any action prohibited by law nor committed any unlawful employment practice, and the University's actions were predicated upon grounds other than the employee's exercise of a right protected by FMLA.

10. Plaintiff had and continues to have a duty to mitigate her alleged losses (her entitlement to which is denied). Alternatively, any claims for relief must also be set off and reduced by wages, compensation, paid commissions, benefits or other earnings or remunerations, profits, and

Case 4:23-cv-00385-MW-MAF   Document 5   Filed 09/28/23   Page 8 of 9

Kim Johnson v. Florida State University Board of Trustees
USDC N. D. Fla. Case No.: 4:23-cv-00385-MW-MAF
University's Answer and Affirmative Defenses
Page **8** of **9**

benefits regardless of form received by the Plaintiff, which were earned or received with reasonable diligence.

11. At all times Plaintiff's terms of employment were determined in accordance with the contract and the University's policies and procedures and were not based on discriminatory or retaliatory motives but rather reflect a legitimate business purpose.

12. The University is immune from suit from liability for the intentional torts of its employees acting outside the role and scope of their employment to the extent provided in sec. 768.28(9)(a) Fla. Stat.

13. Plaintiff has failed to satisfy administrative prerequisites to this action.

14. The University reserves the right to amend the pleadings to assert additional defenses that may become apparent during the course of this lawsuit.

## DEMAND FOR JURY TRIAL

The University demands a trial by jury of all issues triable as a matter of right.

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses thereto, the Defendant, Florida State University Board of Trustees, prays that Plaintiff's Complaint be dismissed in its entirety, and a judgment be entered in favor of the University against Plaintiff, and the University recover its costs and

Case 4:23-cv-00385-MW-MAF   Document 5   Filed 09/28/23   Page 9 of 9

Kim Johnson v. Florida State University Board of Trustees
USDC N. D. Fla. Case No.: 4:23-cv-00385-MW-MAF
University's Answer and Affirmative Defenses
Page **9** of **9**

reasonable attorney's fees incurred in this matter, together with such other and further relief deemed appropriate by this Court.

                         */s/ Maria A. Santoro*
                         **MARIA A. SANTORO**
                         Florida Bar Number: 0654809
                         msantoro@sniffenlaw.com
                         jlunt@sniffenlaw.com
                         tward@sniffenlaw.com

                         **SNIFFEN & SPELLMAN, P.A.**
                         123 North Monroe Street
                         Tallahassee, Florida 32301
                         Telephone: (850) 205-1996
                         Facsimile: (850) 205-3004

                         *Counsel for the Florida State University Board of Trustees*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of September 2023, a true and exact copy of the foregoing was furnished via CM/ECF to all counsel of record.

                         */s/ Maria A. Santoro*
                         **MARIA A. SANTORO**